This matter is before the court on appeal from the Sandusky County Court of Common Pleas wherein appellant, Frank Jones, was found guilty of aggravated burglary. On appeal, appellant asserts the following assignments of error:
 "I. THE TRIAL COURT ERRED BY ALLOWING INTO EVIDENCE HEARSAY STATEMENTS MADE BY THE CODEFENDANT IN VIOLATION OF OHIO AND UNITED STATES CONSTITUTIONS.
 II. THE TRIAL COURT ERRED BY NOT GRANTING MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE AND THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF 'THE EVIDENCE."
A trial commenced on November 12, 1997. Kenneth Willis testified that on April 7, 1997, he was at his friend Shawn Brown's house drinking beer. When the two ran out of beer, they walked to a local carry-out to buy more. On the way, they ran into appellant. Willis testified he considered appellant a "buddy." Appellant asked for assistance in tinting his car windows. Willis and Brown agreed to accompany appellant to Shorewood Village for the purpose of tinting appellant's car windows. Willis and Brown were there for approximately an hour when Brown, worried his girlfriend would be mad at him, decided they should leave. Another friend drove Willis and Brown back to Brown's house.
Willis and Brown had resumed their beer drinking when the doorbell rang. Brown answered the door and found Andrew Cooper, appellant and Uryan Frymire. Brown let the three men inside. The men accused Willis and Brown of stealing money from appellant while they were in Shorewood Village. Willis testified he denied stealing. Because he did not believe Willis, Cooper pulled out a gun. Willis testified that Cooper stated: "[W]e can do it the easy way or the hard way. Appellant then took control of the gun. He again accused Willis of taking his money. When Willis denied the accusation, appellant accused Brown. He also hit Brown with the gun, pushing him onto a couch. Appellant then hit Willis with the gun. Willis testified that Frymire pushed him to the ground.
Brown's girlfriend, Betty Anderson, left the room to check on her child. Willis testified that Cooper, appellant and Frymire decided to leave because they feared Anderson was calling the police. Willis and his dog walked outside with Cooper, appellant and Frymire. By this time, Frymire had put the gun in his pocket. Someone opened a car door and Willis' dog jumped inside. Willis testified that Frymire pushed him down to the ground to prevent him from retrieving his dog. Cooper, appellant and Frymire drove off with Willis, dog. Willis testified, however, that his dog was not stolen just "borrowed." Willis explained that the dog willingly jumped in the car because he liked car rides. On further questioning, Willis acknowledged that Cooper, appellant and Frymire had to know they had driven off with the dog. Willis then called Cooper and told him that "if he didn't want to be stringing from a tree he'd better get [the] dog back." Willis testified the dog was returned to him within an hour.
Both Brown and Anderson testified that Cooper, appellant and Frymire were uninvited guests who pushed themselves inside the house.
Patrolman Timothy Woolf of the Fremont Police Department testified that on April 7, 1997, he was dispatched to Shawn Brown's home to investigate a dog theft complaint. Willis and Brown told Woolf that Cooper, appellant and Frymire had stolen the dog. Woolf testified that Willis' head was bleeding. Willis told Woolf he had been pistol whipped by appellant. The next day, Woolf learned that Willis' dog had been returned.
A jury found appellant guilty of aggravated burglary. He was sentenced to six years in prison. In his first assignment of error, appellant contends the court erred in admitting the hearsay testimony of Kenneth Willis. Specifically, Willis testified that Cooper stated "[W]e can do it the hard way or the easy way." Appellant contends that but for that statement, he would not have been convicted. We disagree.
"[W]here constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of defendant's guilt." State v. Williams (1983), 6 Ohio St.3d 281, paragraph six of the syllabus. Two other witnesses testified that appellant was an active participant in the crime. Officer Woolf testified that both Willis and Brown identified appellant as one of the men who assaulted them and took Willis' dog. Regardless of whether or not the statement amounted to inadmissible hearsay, its admission was harmless in light of the other evidence clearly linking appellant to the crime. Appellant's first assignment is found not well-taken.
In his second assignment of error, appellant contends the court erred in denying appellant's motion for acquittal. Alternatively, appellant contends his conviction is against the manifest weight of the evidence. Under both theories, appellant contends that the state did not prove the element of force. The elements of aggravated burglary are as follows:
 "No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
 (2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control. R.C. 2911.11(A)."
Brown and Anderson, the occupants of the "structure at issue, testified that appellant and his two friends forced their way into the house. On the authority of State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus, and State v. Thompkins (1997),78 Ohio St.3d 380, appellants' second assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Sandusky County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ------------------------- JUDGE
Melvin L. Resnick, J. ------------------------- JUDGE
James R. Sherck, J. CONCUR. ------------------------- JUDGE